UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAVERICK PORTER, on behalf of himself and all others similarly situated, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | **PLAINTIFF'S COMPLAINT** |
| MULLINS FOOD PRODUCTS, INC. | (Jury Demand Endorsed Herein) |
| Defendant. | |

Now comes Plaintiff, Maverick Porter, by and through undersigned counsel, and for his Complaint against Mullins Food Products, Inc. ("Mullins"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to

28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Illinois.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and the IMWL.

7. At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Illinois.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and the IMWL.

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant manufactures sauces, dressings, and condiments.

14. Defendant employed Plaintiff between about April 25, 2022 through about May 19, 2022 as a manufacturing employee at its Broadview, Illinois manufacturing facility.

15. Other similarly situated employees were employed as manufacturing employees at Defendant's manufacturing facility located in Broadview, Illinois.

16. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

17. Defendant paid Plaintiff and other similarly situated employees on an hourly basis.

18. Plaintiff and other similarly situated employees frequently worked over 40 hours per week.

19. Plaintiff worked on average over 40 hours each week.

**(Failure to Pay for All Hours Worked)**

20. Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times and were not paid for work performed before and after their scheduled start and stop times changing into and out of their uniforms, which they were required to do in the locker room at the facility.

21. The time Plaintiff and other similarly situated manufacturing employees spent changing into and out of their uniform in the facility's locker room was required by Defendant and was performed for Defendant's benefit.

22. The time Plaintiff and other similarly situated manufacturing employees spent changing into and out of their uniform in the facility's locker room was "an integral and indispensible part of the principal activities" that they performed for Defendant. *See Brooks v.*

*Safety-Kleen Sys.,* No. 11-cv-07245, 2012 U.S. Dist. LEXIS 117035 *9 (N.D. Ill. Aug. 14, 2012) citing *Steiner v. Mitchell,* 350 U.S. 247, 256 (1956).

23. Changing into and out of their uniform was required by Defendant to perform their manufacturing work are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated manufacturing employees cannot dispense if they are to perform their principal activities.

24. Changing into and out of Plaintiff's and other similarly situated employees' uniform was required by company policy and the nature of the work that Plaintiff and other similarly situated employees performed for Defendants. *Brooks, supra* citing *Ballaris v. Wacker Siltronic Corp.*, 370 F. 3d 901, 910 (9th Cir. 2004); *IBP, Inc. v. Alvarez*, 339 F.3d 894, 902-03 (9th Cir. 2004).

25. Plaintiff and other similarly situated manufacturing employees were not paid for time spent changing into and out of their uniform and/or getting tools, protective gear, or equipment that were necessary to perform their manufacturing work.

26. The amount of time Plaintiff and other similarly situated manufacturing employees spent on this required and unpaid work amounted to approximately 20 minutes per day.

27. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Defendant Willfully Violated the FLSA)**

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

30. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current non-exempt manufacturing employees of Mullins Food Products, Inc. between three years prior to the filing of this lawsuit and the present.

31. Plaintiff is unable to state at this time the exact size of the potential class, but, upon information and belief, avers that it consists of hundreds of persons.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

33. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3)

on behalf of himself and all other members of the class ("the Illinois Class") defined as:

> All former and current non-exempt manufacturing employees of Mullins Food Products, Inc. in Illinois between three years prior to the filing of this lawsuit and the present.

35. The Illinois Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Illinois Class but, upon information and belief, avers that it consists of hundreds of persons.

36. There are questions of law or fact common to the Illinois Class, including but not limited to the following:

   (a) whether Defendant failed to pay overtime compensation to its manufacturing employees for hours worked in excess of 40 each workweek; and

   (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of IMWL.

37. The claims of the named Plaintiff are typical of the claims of other members of the Illinois Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Illinois Class members.

38. Named Plaintiff will fairly and adequately protect the interests of the Illinois Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Illinois Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Illinois Class in this case.

39. The questions of law or fact that are common to the Illinois Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Illinois Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Illinois Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Illinois Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

44. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of IMWL, 820 ILCS 105/1, *et seq*)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the IMWL.

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the IMWL.

48. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages and liquidated damages pursuant to relevant statutes;

D. Award Plaintiff and the classes he represents the amount of all back wages due as provided by the Illinois Minimum Wage Law;

E. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive

   damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

                Respectfully submitted,

                /s/ Michael L. Fradin
                Michael L. Fradin (6289502)
                8 N. Court St. Suite 403
                Athens, Ohio 45701
                Phone: 847-986-5889
                Facsimile: 847-673-1228
                mike@fradinlaw.com
                Attorney for Plaintiff

              By: /s/ *James L. Simon*
              James L. Simon (*pro hac vice* forthcoming)
              SIMON LAW CO.
              5000 Rockside Road
              Liberty Plaza – Suite 520
              Independence, OH 44131
              Telephone: (216) 525-8890
              Email: james@simonsayspay.com

## **JURY DEMAND**

 Plaintiff hereby demands a trial by jury on all issues so triable.

                /s/ Michael L. Fradin
                One of the Attorneys for Plaintiff